UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| WADE HICKAM, AS OWNER OF THE 2004 SEA-DOO, FOR EXONERATION FROM OR LIMITATION OF LIABILITY,<br><br>Plaintiff.<br><br>v.<br><br>TERRY S. SEGARS, Jr. and ALL OTHER POTENTIAL PARTIES,<br><br>Defendants. | Case No. |

## COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY UNDER 46 U.S.C. § 30505

Comes now Plaintiff, Wade Hickam, by and through counsel, and as owner of the vessel designated as a 2004 Sea-Doo, alleges and respectfully advises the Court as follows:

1. At all times herein mentioned, Plaintiff Wade Hickam was and is a resident of the State of Tennessee, residing at 126 Ashland Point, Hendersonville, Sumner County, Tennessee.

2. At all times herein mentioned, the said Plaintiff was the sole owner of the vessel designated as a 2004 Sea-Doo.

3. On or about May 20, 2012, the said vessel owned by Plaintiff was being used on the navigable waters of Old Hickory Lake in Sumner County, Tennessee. Without Wade Hickam's privity or knowledge, Christopher Luke Wilson drove the vessel and was involved in an incident that has resulted in an injury claim asserted by Terry S. Segars, Jr. against Plaintiff in the Circuit Court of Sumner County, Tennessee under docket number 2012-CV-1054. Pursuant to 46 U.S.C. § 30511(c) and (b), by reason of the filing of this Complaint for Exoneration or Limitation of Liability,

1

and upon Plaintiff's deposit of the required funds with the Court, further prosecution of the Circuit Court matter should cease, and commencement of any other such actions should be enjoined pending resolution and conclusion of this matter.

4. The aforementioned incident of May 20, 2012 resulting in bodily injury to Terry S. Segars, Jr., as well as any and all attendant and consequential losses or damages allegedly incurred thereby, was not due to any fault, design, neglect or want of due care on the part of the Plaintiff.

5. The aforementioned incident of May 20, 2012 and any and all losses, injuries or damages resulting therefrom was occasioned and incurred without the privity or knowledge of the Plaintiff at the time of its occurrence or at any time before.

6. The 2004 Sea-Doo, owned by Plaintiff was at all times relevant hereto staunch, properly manned, equipped and supplied, and in all respects worthy of navigating federal waters.

7. The claim asserted against Plaintiff by Terry S. Segars, Jr. for bodily injuries is the only claim known to have been made as a result of the May 20, 2012 incident.

8. Plaintiff therefore desires to obtain the benefits of the provisions of the Limitation of Liability statute found in the United States Code at 46 U.S.C. § 30505, inclusive, and the various acts amendatory thereof and supplementary thereto, and in that connection contest his liability relative to the matters set forth herein.

9. Pursuant to the provisions of 46 U.S.C. § 30505, Plaintiff hereby advises the Court that the vessel referred to herein is still in existence at this time, currently located at 126 Ashland Point, Hendersonville, Sumner County, Tennessee, and currently within the jurisdiction of this Court.

10. No notice of claim in respect of any demand affected by this civil action was given to or filed with Plaintiff more than six (6) months prior to the filing of this Complaint.

11. Upon service of this Complaint, and approval of this Court, Plaintiff is filing sufficient undertakings to secure payment in the aggregate amount of the Plaintiff's interest in the value of the vessel, its freight and cargo, plus interest at the legal rate of six percent (6%) from the date hereof and costs in the total amount of Three Thousand and 00/100 Dollars.

12. This Court may properly exercise jurisdiction over this matter pursuant to 46 U.S.C. § 30511 and 28 U.S.C. § 1333. Venue is appropriate in this district pursuant to Federal Supp. Adm. R. F(9).

**WHEREFORE**, Petitioner prays as follows:

A). That the Court approve the figure as to the amount of the value of Plaintiff's interest in the vessel, its cargo and freight, plus interest at the legal rate of six percent (6%), in the total amount of $3,000.00.

B). That the Court direct the issuance of a Monition to all persons having or asserting any claim against Plaintiff for any act, matter, thing, loss, damage or forfeiture, done or occasioned or incurred by reason of the occurrence of May 20, 2012, citing and directing any and all such persons to file with the Clerk of this Court their respective claims in writing and under oath, and directing any of them who shall have filed such a claim and who intend to contest the Plaintiff's right to exoneration or limitation to file an Answer to this Complaint, and to serve a copy thereof on Plaintiff's attorneys, all within the time to be fixed by the Monition;

C). That the Court make and issue its Order forthwith restraining the commencement or prosecution of any and all suits, actions or legal proceedings of any manner whatsoever against the

Plaintiff arising out of or resulting in any way from the incident of May 20, 2012 as described herein, other than this proceeding, and staying any and all suits, actions or legal proceedings of any kind or manner whatsoever that have in fact previously been filed;

D). That the Court in this proceeding adjudge that the Plaintiff is not liable to any extent for any act, matter or thing, loss, damage or forfeiture, done occasioned or incurred in consequence of the above actions of May 20, 2012, or if the Court shall adjudge that Plaintiff is in any respect liable, then Plaintiff's liability be limited to the amount of the value of the Plaintiff's interest in the vessel, and that a decree be issued discharging the Plaintiff from all further liability in the premises;

E). All such other and further relief as the Court may deem proper in the premises.

Respectfully submitted,

**FEENEY & MURRAY, P.C.**

By: _____
John Thomas Feeney
BPRN 11482
Attorneys for Plaintiff
P.O. Box 198685
Nashville, Tennessee 37219
(615) 242-3700

4

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I have forwarded a true and correct copy of the foregoing, **via United States Mail, postage prepaid**, to:

    F. Dulin Kelly
    Clinton L. Kelly
    629 East Main Street
    Hendersonville, Tennessee 37075

    J. Mitchell Grissim, Jr.
    Attorney for Defendant
    325 Union Street
    Nashville, Tennessee 37201

    Jon Daniel Burchfield
    Daniel Burchfield
    1194 Brandley Road
    Gallatin, Tennessee 37066

    Luke Wilson
    121 Coldwater Drive
    Hendersonville, Tennessee 37075

This, the 18th day of September, 2012.

By: _____
    John Thomas Feeney